COMMONWEALTH LOAN CORP., Plaintiff and Appellee, *v.* ÁNGEL GARCÍA MONTAÑEZ and AUGUSTO MARÍN MARTÍNEZ, Defendants and Appellants.

No. CE-66-43.    Decided December 16, 1968.

*Peñagarícano & Lloveras* for appellants. *Américo B. Badillo* for appellee.

Second Division composed of Mr. Justice Hernández Matos, as Chief Judge of Division, Mr. Justice Santana Becerra, Mr. Justice Rigau, and Mr. Justice Dávila.

PER CURIAM: Carlos Martínez Romeu, married to an aunt of petitioner Ángel García Montañez, fraudulently obtained a loan of $391.13 from the Commonwealth Loan Corporation, pretending to be the petitioner, counterfeiting his signature, giving his credit references and other pertinent information. The Commonwealth Loan investigated said references and finding them satisfactory granted him the aforementioned loan. The borrower paid one installment, but when he failed to pay the subsequent installments and when the debt fell due the Commonwealth Loan brought an action of debt against Ángel García Montañez, who appeared as the subscriber of the promissory note.

In answer to the complaint petitioner denied owing any sum whatsoever to plaintiff and in a counterclaim he requested $5,000 for damages caused to him by the complaint and the steps for the collection of the debt taken by plaintiff.

After the corresponding hearing the District Court dismissed the complaint and sustained the counterclaim ordering plaintiff to pay to petitioner $2,000, the costs, and $300 for attorney's fees.

The Commonwealth Loan Corporation appealed from this judgment to the Superior Court.

Said court affirmed the judgment of the District Court as to the dismissal of the complaint of the action of debt and reversed it as to the part which sustained the counterclaim. To review said decision petitioner requested, and this Court, through one of its Divisions, issued a writ of certiorari.

■ A full examination of the record leads us to the conclusion that the judgment of the Superior Court should be affirmed. In the first place, the general rule in our jurisdiction does not acknowledge per se the existence of a civil action for damages as a consequence of a civil suit. *Berríos* v. *International General Electric*, 88 P.R.R. 106, 112 (1963); *Pereira* v. *Hernández*, 83 P.R.R. 156, 159–60 (1961); *Suárez* v. *Suárez*, 47 P.R.R. 93, 99 (1934); *López de Tord & Zayas Pizarro* v. *Molina*, 38 P.R.R. 737, 750–51 (1928). In the second place the facts of this case preclude the conclusion that the complaint for the recovery of money of the Commonwealth Loan constitutes malicious prosecution without probable cause. *Fonseca* v. *Oyola*, 77 P.R.R. 496, 499 (1954). It cannot be said either that substantial damages were caused, *Díaz* v. *Distribuidores R.C.A.*, 47 P.R.R. 530, 532 (1934). This case is not one that admits a departure from the rule previously mentioned.

The judgment of the Superior Court in this case will be affirmed, and the writ issued quashed.

Mr. Justice Santana Becerra concurs in the result.